# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CAROL HORN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0034** (BOR Appeal No. 2048492)
(Claim No. 2010133877)

**CABELA'S, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carol Horn, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabela's, Inc., by Mark J. Grigoraci, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2013, in which the Board affirmed a May 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 14, 2013, decision which denied a request for authorization of an appointment with Richard Glass, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Horn, a sales associate, was injured in the course of her employment on May 6, 2010, when she tripped while walking down some stairs. The claim was held compensable for bilateral knee contusions. Ms. Horn was treated by Dr. Glass who diagnosed contusions of both quadriceps with resulting atrophy and recommended physical therapy. He opined, in response to letters from the claims administrator, that Ms. Horn's knee symptoms are the result of the compensable injury, she was likely to reach maximum medical improvement in August of 2011, and she was likely to have permanent impairment.

1

Victoria Langa, M.D., performed an independent medical evaluation on May 6, 2012. Ms. Horn reported at that time that she fell on her knees in the course of her employment, but she did not immediately seek medical attention. Her main complaint at the time of the evaluation was intermittent discomfort in her thighs. Ms. Horn had full strength and no obvious atrophy of the quadriceps. Dr. Langa found that she had reached maximum medical improvement and stated that no further treatment was necessary.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on September 27, 2012. At that time, Ms. Horn reported intermittent pain in her left thigh and knee as well as intermittent pain and clicking in her right knee. Dr. Guberman diagnosed chronic post-traumatic bilateral knee strain and post-traumatic bilateral quadriceps weakness. He found that Ms. Horn had reached maximum medical improvement and required no further treatment or diagnostic testing.

Bill Hennessey, M.D., performed an independent medical evaluation on February 7, 2013. He noted that Ms. Horn stated that she had no pain in either knee joint and instead reported pain in her thighs. He opined that she likely sustained mild bilateral knee contusions, and her current symptoms of thigh pain were found to be unrelated to the compensable injury. Her right thigh pain did not develop until October of 2010, and her left thigh pain did not develop until 2011. Also, she had similar complaints in 2008. She was determined to be at maximum medical improvement and required no further treatment.

The claims administrator denied a request for authorization of an appointment with Dr. Glass on January 14, 2013. The Office of Judges affirmed the decision in its May 28, 2013, Order. It determined that Drs. Langa and Hennessey both concluded that Ms. Horn had reached maximum medical improvement and that she required no further treatment. Additionally, Dr. Guberman, who examined Ms. Horn at her counsel's request, found that she was at maximum medical improvement and that no further specific treatment and/or diagnostic testing were likely to improve her condition. The Office of Judges stated that though a finding of maximum medical improvement does not preclude further treatment, the evidence in this case demonstrates that the requested office visit is not reasonable for a three-year-old knee contusion. The Office of Judges found that this was supported by the fact that Dr. Hennessey examined Ms. Horn shortly after the office visit in question and found full range of motion; normal strength and reflexes; and no instability, atrophy, or weakness in the lower extremities. Further, the Office of Judges determined that Dr. Glass's office visit notes indicate Ms. Horn was not taking any medication for her compensable condition which would require periodic check-ups or renewals.

Ms. Horn argued before the Office of Judges that the claims administrator's decision closes the claim for medical benefits. The Office of Judges determined that the argument was without merit as the Order pertained only to the January 17, 2013, office visit with Dr. Glass. Ms. Horn also argued that the Order requires her to obtain preauthorization in violation of West Virginia Code of State Rules § 85-20-9.9 (2006). The Office of Judges found that the argument was incorrect as the Order was not denied simply because it was not preauthorized. The Office of Judges concluded that Ms. Horn failed to meet her burden of proof to show that the requested

treatment is medically related and reasonably necessary for the treatment of her compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 23, 2013, decision.

On appeal, Ms. Horn argues that the denial of medical appointments violates West Virginia Code § 23-4-3 (2005) by creating additional burdens on the claimant to file medical documentation prior to obtaining an office visit. Also, office visits with a treating physician are medically necessary and reasonably required. Cabela's, Inc., asserts that Ms. Horn has been found to be at maximum medical improvement and to require no further treatment. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Horn's claim was held compensable for bilateral knee contusions. The evidentiary record does not indicate that an appointment with Dr. Glass is medically related and reasonably necessary for the treatment of her now four-year-old compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II